Commonwealth *v.* Minnick, Appellant.

Submitted September 25, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Steve Minnick,* appellant, in propria persona.

*William J. Franks,* First Assistant District Attorney, and *John R. Hoye,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 14, 1967:

Appellant, Steve Minnick, was after a plea of guilty adjudged to have committed second degree murder and sentenced to 6-12 years. No appeal from this conviction was prosecuted. His first attempt to obtain post-conviction relief under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1966) was unsuccessful. This appeal followed.

In his post-conviction petition Minnick checked the block on the post-conviction application form indicating that he was without funds and requested the appointment of an attorney. The court below was apparently satisfied that Minnick was in fact indigent for it granted leave to proceed "as a poor person." However, for the reasons stated in *Commonwealth v. Mitchell,* 427 Pa. 395, 235 A. 2d 148 (1967) ; *Common-*

*wealth v. Richardson,* 426 Pa. 419, 233 A. 2d 183 (1967) and *Commonwealth v. Hoffman,* 426 Pa. 226, 232 A. 2d 623 (1967), appointment of counsel under §12 of the Post Conviction Hearing Act is mandatory. To effectuate this legislative mandate we must vacate the order below and remand the record to the lower court for appointment of counsel. We do not therefore treat the merits of any of appellant's contentions.

The order of the Court of Oyer and Terminer of Fayette County is vacated and the record remanded to that court with instructions to appoint counsel to represent Steve Minnick in a post-conviction proceeding at which his eligibility for an evidentiary hearing and/or other relief may be determined.

Mr. Justice COHEN took no part in the consideration or decision of this case.