## Commonwealth *v.* Minnick, Appellant.

Submitted September 29, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Ben F. Wright,* for appellant.

*A. J. Kuzdenyi,* First Assistant District Attorney, and *Joseph E. Kovach,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 11, 1969:

In 1962 appellant pleaded guilty to murder generally; he was adjudged to have committed second degree murder and was sentenced to a term of six to twelve years. No appeal was taken. On December 10,

1968, appellant filed a petition pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1969), alleging that he had been unconstitutionally denied his right to appeal. On December 24, the petition was denied without hearing; on the same day counsel was appointed.

Section 12 of the Post Conviction Hearing Act "imposes a mandatory requirement upon the trial court to appoint counsel for an indigent post-conviction applicant." *Commonwealth v. Mitchell*, 427 Pa. 395, 396, 235 A. 2d 148, 149 (1967). Accord: *Commonwealth v. Minnick*, 427 Pa. 399, 235 A. 2d 150 (1967); *Commonwealth v. Hoffman*, 426 Pa. 226, 232 A. 2d 623 (1967) (per curiam); *Commonwealth v. Richardson*, 426 Pa. 419, 233 A. 2d 183 (1967) (per curiam); see Pa. R. Crim. P. 1503(a) (when an unrepresented petitioner satisfies the court that he cannot procure counsel, "the court shall appoint counsel to represent him"). Summary disposition of a petition, without appointing counsel, is permitted only "when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he . . . was represented by counsel in proceedings thereon." Pa. R. Crim. P. 1504. In the instant case the hearing court found that appellant had waived the issue of his right to appeal because he had failed to litigate it in his last PCHA petition. It is clear that the petition was disposed of summarily, since the record shows that counsel was not appointed until the hearing court entered its opinion. Whatever may be the merits on the question of waiver here, a hearing court cannot summarily dispose of a petition, without counsel, on the ground of waiver. Our rules provide for summary disposition only in cases where the issue has been determined against the petitioner, not where it has been waived

because of petitioner's failure to raise the question for a determination.

The reasons for this rule are quite simple. The question of waiver is often a complicated legal one. There may be "extraordinary circumstances" which will justify petitioner's failure to raise the issue. See Post Conviction Hearing Act, §4(b)(2). There may have been an intervening change in the law which will now entitle him to relief. See *Commonwealth ex rel. Berkery v. Myers,* 429 Pa. 378, 239 A. 2d 805 (1968). And failure to raise an issue constitutes only a "rebuttable presumption" of waiver. See Post Conviction Hearing Act, §4(c). These are not the kinds of issues which we can expect an uncounseled petitioner to adequately deal with. See *Commonwealth v. Kizer,* 428 Pa. 99, 236 A. 2d 515 (1967) (held: petitioner entitled to counsel to litigate whether there was a §4 waiver). As we said in *Commonwealth v. Mitchell,* supra, "[c]ounsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention." 427 Pa. at 397, 235 A. 2d at 149.

Our normal practice in these cases has been to not consider the merits, but to remand to the hearing court for a determination of whether an evidentiary hearing, and/or other relief, should be granted. In the interest of prompt and efficient judicial administration, however, we will assume in this instance that petitioner has not waived his right to contest the appeal issue, and that he has been unconstitutionally denied that right. We take this course because it is clear on this record that any issue which petitioner could raise on his direct appeal has already been finally determined against him.

In *Commonwealth v. Minnick,* 432 Pa. 462, 247 A. 2d 569 (1968), the following claims were raised by this appellant and were decided against him:

"[B]ecause of his amnesia and alcoholic state, he should have either (1) been acquitted of the crime, (2) found incompetent to enter a plea or (3) been adjudged to have been ineffectively represented by counsel . . . .

"After taking testimony, the hearing judge found as a fact 'that Minnick knew what he was doing at the time the murder was committed, at the time he entered his plea of guilty, at the hearing to determine the degree of guilt, and at the sentence immediately following.'

"These findings if supported by evidence in the record may not be overturned. Indeed, this is the situation here. Most of petitioner's case is based on his own testimony. The hearing judge rejected this: 'We find his testimony at the Post Conviction hearing unworthy of belief, as we previously found his testimony at the hearing on the guilty plea incredible . . . .' " *Id.* at 465, 247 A. 2d at 570-71.

Thus, in appellant's last counseled Post Conviction Hearing Act case, he raised the only issues available to him on direct appeal. All he could attack on direct appeal from a second degree murder verdict based on his guilty plea would be the voluntariness of the plea, the validity of the sentence, and the question of whether he introduced evidence sufficient to reduce the killing to manslaughter. These issues can, and have been, raised by appellant on collateral attack. See *Commonwealth v. Walters*, 431 Pa. 74, 244 A. 2d 757 (1968); *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967); cf. *Commonwealth v. Zaffina*, 432 Pa. 435, 248 A. 2d 5 (1968) (holding a different rule applies when there is a conviction for first degree murder). There is now no relief which appellant could secure through a direct appeal. Appellant has had a "full and fair evidentiary hearing" on all these possible

claims and would not be entitled, on remand, to an evidentiary hearing on them even assuming he is entitled to a direct appeal as though timely filed. See Post Conviction Hearing Act, §9. Since a previous counseled petition, involving all the claims cognizable on direct appeal, has been determined adversely to appellant, counsel was not required for the instant petition at the hearing court level. See Pa. R. Crim. P. 1504. His lack of counsel at the hearing court level was, therefore, not prejudicial.

The order of the Court of Oyer and Terminer of Fayette County is affirmed.