Commonwealth *v.* Schmidt, Appellant.

Submitted October 10, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John J. Dean,* for appellant.

*Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 28, 1969:

Appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965),

1580, 19 P.S. §1180-1 et seq. (Supp. 1969), alleging, inter alia, that he was without financial resources to obtain counsel and requesting that counsel be appointed. The petition was dismissed without appointment of counsel and without a hearing.

Section 12 of the Post Conviction Hearing Act "imposes a mandatory requirement upon the trial court to appoint counsel for an indigent post-conviction applicant." *Commonwealth v. Mitchell,* 427 Pa. 395, 396, 235 A. 2d 148, 149 (1967). Accord: *Commonwealth v. Walters,* 431 Pa. 74, 244 A. 2d 757 (1968); *Commonwealth v. Minnick,* 427 Pa. 399, 235 A. 2d 150 (1967); *Commonwealth v. Hoffman,* 426 Pa. 226, 232 A. 2d 623 (1967) (per curiam); *Commonwealth v. Richardson,* 426 Pa. 419, 233 A. 2d 183 (1967) (per curiam); see Pa. R. Crim. P. 1503(a) (when an unrepresented petitioner satisfies the court that he cannot procure counsel, "the court shall appoint counsel to represent him"). Summary disposition of a petition, without appointing counsel, is permitted only "when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he . . . was represented by counsel in proceedings thereon." Pa. R. Crim. P. 1504.

In light of the above cases we hold that the appellant should have had counsel appointed to represent him in the Post Conviction Hearing Act proceedings. We note that the Commonwealth, through the District Attorney of the County of Allegheny, has filed a "Petition to Remand for Appointment of Counsel", in which it agrees with this disposition of the case. We therefore reverse the judgment of the hearing court and remand with instructions to appoint counsel and proceed in a manner consistent with this opinion.