Commonwealth *v.* Hanes, Appellant.

524

Submitted November 10, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*George L. Daghir*, for appellant.

*Norbert J. Powell*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 20, 1970:

Appellant pleaded guilty to murder in 1962; he was then found guilty of second degree murder and sentenced to ten to twenty years in prison. No appeal was taken. In 1969 he filed a Post Conviction Hearing Act petition alleging, inter alia, that his plea was not voluntarily entered, that he was denied his right to appeal, and that the absence of the transcript from the degree of guilt hearing made proper review impossible.* Following appointment of counsel and an evidentiary hearing, relief was denied on all claims. We affirm.

The following testimony was elicited at the PCHA hearing: "Q [Counsel for defendant] : Do you know why you pleaded guilty? A [Defendant] : I just don't remember for sure. THE COURT: You were asked, do you know why you pleaded guilty? A : Because I was guilty, Your Honor, I knowed that. . . . Q : Were you satisfied that Mr. Greiner [trial counsel] properly represented

---

* Although appellant raised several other claims in his PCHA petition, these are the only ones pressed on appeal.

you and advised you with respect to the charges against you in your plea of guilty? A: I was, yes. . . . Q: Did you render this plea of guilty of your own free will then? A: Yes, I did. . . . Q: Did you know when you pleaded guilty that you had the right to be tried by a jury if you wanted to? A: Yeah."

After this testimony was elicited on direct examination, appellant evidently withdrew his claim that his plea was "unlawfully induced by duress and coercion while in a state of altered consciousness." This was not an unwise decision. His testimony certainly indicates that he voluntarily pleaded guilty simply because he was guilty. Further, this testimony also rebuts his claim that his plea was motivated by a coerced confession. In fact, appellant never testified that this was the case, and his trial counsel indicated that the Commonwealth could have secured a conviction without the confession.

Appellant also complains that no transcript of the degree of guilt hearing is available. It is difficult to see, however, how appellant is prejudiced by the lack of a transcript. The Commonwealth did not, at the degree of guilt hearing, meet its burden for raising the offense to first degree murder; nor does appellant claim that he was guilty only of voluntary manslaughter. Thus, no matter what occurred at the degree of guilt hearing, appellant was not harmed since he was convicted of the offense to which he pleaded guilty—second degree murder. The only possible claim of prejudice is that there is no way to review the circumstances surrounding the entry of the guilty plea. But in view of appellant's admissions at the PCHA hearing, we again fail to see how appellant has been hurt.

As for appellant's right to appeal claim, we need not consider its merits since appellant was convicted of second degree murder and any claims which would be cognizable on direct appeal are also cognizable on collater-

526

al attack. The denial of a direct appeal is therefore not prejudicial because appellant has in the instant proceeding, either raised or waived any issue he could raise on direct appeal. See, e.g., *Commonwealth v. Minnick*, 436 Pa. 42, 46, 258 A. 2d 515, 517 (1969); *Commonwealth v. Walters*, 431 Pa. 74, 244 A. 2d 757 (1968).

The order of the Court of Common Pleas of Elk County is affirmed.