330 A.2d 851

COMMONWEALTH of Pennsylvania

v.

Ralph SMITH, Appellant.

Supreme Court of Pennsylvania.

Submitted Nov. 11, 1974.

Decided Jan. 27, 1975.

584

Josephine A. Nelson, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROB-
ERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

The appellant, Ralph Smith, was convicted by a jury of murder in the first degree on March 18, 1970. Post-verdict motions were denied and appellant was sentenced to life imprisonment. An appeal was taken to this Court in which we affirmed the judgment of sentence. *Commonwealth v. Smith*, 447 Pa. 457, 291 A.2d 103 (1972).

On August 22, 1972, appellant, without the assistance of counsel, filed a PCHA petition raising issues including a claim that he had been denied the effective assistance of counsel. Since the allegations were in the nature of conclusions and not supported by allegations of fact, the trial court ordered the dismissal of the petition if not amended within thirty days. Counsel was not appointed to assist the appellant. The petition was not amended and the order of dismissal became self-executing. No appeal was taken.

On October 19, 1973, the appellant, again without the assistance of counsel, filed a second PCHA petition in which he raised the same issues raised in his first PCHA petition as well as several additional issues. The trial court dismissed the second petition without a hearing and without appointing counsel to assist the appellant. The trial court held that those matters which were raised in the second petition but not in the first petition were deemed waived and those matters raised in the second petition which had also been raised in the first petition could not be considered because the appellant had failed to amend his first petition and had not appealed from the dismissal of the first petition. Appellant then filed an appeal to this Court requesting that counsel be appointed to assist with the appeal. On December 17,

1973, this Court ordered the appointment of counsel to assist the appellant with this appeal.

Appellant, now represented by counsel, contends that since counsel was not appointed to assist him in amending his first PCHA petition, and since his second petition contained issues which were never before raised, the PCHA judge erred in concluding that all of the issues presented had been either waived or finally litigated. Appellant therefore argues that he is entitled to an evidentiary hearing to determine the validity of his claims.

In order for a petition to be dismissed for want of particularity it must first be established that the petitioner was granted the opportunity of amendment *and* that counsel was appointed to assist petitioner with the preparation and presentation of his petition. *Commonwealth v. Hoffman*, 426 Pa. 229, 232 A.2d 624 (1967).

Where, however, a PCHA petitioner is not represented by counsel, the dismissal of his petition may not serve as final litigation of the issues there presented, *Commonwealth v. Cornitcher*, 447 Pa. 539, 291 A.2d 521 (1972); *Commonwealth v. Haywood*, 441 Pa. 177, 272 A.2d 727 (1971), nor may it constitute a knowing and understanding waiver of the right to litigate any other issues. *Commonwealth v. Ligon*, 454 Pa. 455, 314 A.2d 227 (1973); *Commonwealth v. Minnick*, 436 Pa. 42, 258 A.2d 515 (1969). Since no counsel was appointed to assist appellant at the time he filed his first petition, the PCHA judge erred in using the dismissal of the first petition as a basis for the finding that all of the issues raised in the second petition had either been waived or finally litigated.

Accordingly, the order dismissing appellant's PCHA petition is vacated, and the record remanded to the trial court with instructions to appoint counsel to assist appellant in a postconviction proceeding.

EAGEN, J., concurred in the result.