350 A.2d 820

**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Carlin ADAMS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 20, 1975.

Decided Jan. 29, 1976.

.

C. George Milner, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

On May 15, 1974, appellant, Carlin Adams, assisted by counsel entered a plea of guilty to murder generally and aggravated robbery. The pleas were accepted and the degree of guilt on the murder indictment was found to be murder in the second degree. No post trial motions were filed and on June 20, 1974, Adams was sentenced to ten to twenty years imprisonment on each indictment; the sentences to run concurrently. No direct appeals from the judgments of sentence were filed.

On November 12, 1974, Adams filed an uncounseled petition under the Post Conviction Hearing Act, Act of

January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. (Supp.1975) (his first) alleging, inter alia, that his guilty plea was involuntarily entered and that several of his constitutional rights were violated. In his petition, Adams further alleged that he was unable to pay the costs of the proceedings and requested the court to appoint counsel to represent him. On February 19, 1975, the petition was summarily dismissed without appointment of counsel and without a hearing. This appeal followed.[1]

▇▇▇ Without reaching the merits of appellant's substantive claims, we hold that the summary dismissal of the petition in this case without appointment of counsel was error. Pa.R.Crim.P. 1503(a), suspending in part and superseding Section 12 of the Post Conviction Hearing Act,[2] places an affirmative duty on the hearing court to appoint counsel for an indigent petitioner before disposition of his petition. *Commonwealth v. Schmidt*, 436 Pa. 139, 259 A.2d 460 (1969); accord, *Commonwealth v. Conner*, 462 Pa. 278, 341 A.2d 79 (1975); *Commonwealth v. Minnick*, 427 Pa. 399, 235 A.2d 150 (1969). Summary disposition of a petition, without appointment of counsel, is permitted only "when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he . . . was represented by counsel in proceedings thereon." Pa.R. Crim.P. 1504. See *Commonwealth v. Smith*, 459 Pa. 583, 330 A.2d 851 (1975); *Commonwealth v. Haynes*, 234 Pa.Super. 556, 340 A.2d 462 (1975).

▇▇▇ Since Adams in his petition, alleged that he was indigent and requested appointment of counsel, the hearing court should have determined if Adams were, in fact, indigent and if so, counsel should have been appointed to assist him. *Commonwealth v. Conner*, supra. Accord-

1. The court did appoint counsel to represent Adams in the appeal.
2. See Act of July 11, 1957, P.L. 819, § 1, 17 P.S. § 2084.

ingly, we remand the record to the trial court to determine, in proper proceedings, whether Adams is indigent and if counsel should be appointed to assist him. Additionally, if a request to amend the pending petition is made, it should be allowed. *Commonwealth v. Conner*, supra. *Commonwealth v. Schmidt*, supra. See also Section 7 of the Post Conviction Hearing Act; *Commonwealth v. Cornitcher*, 447 Pa. 539, 291 A.2d 521 (1972).

It is so ordered.