359 A.2d 392

**COMMONWEALTH of Pennsylvania**

**v.**

**Dwight TRIPLETT, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 12, 1976.

Decided July 6, 1976.

James J. Phelan, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

On October 2, 1974, appellant filed an uncounseled petition under the Post-Conviction Hearing Act, Act of January 23, 1966, P.L. 1580, 19 P.S. §§ 1180-1 *et seq.*,

alleging *inter alia,* that he had involuntarily entered a plea of guilty to a charge of murder in the second degree. In his petition appellant further alleged that he was unable to pay the costs of the proceedings and requested the court to appoint counsel to represent him. On January 7, 1975, the petition was summarily dismissed without appointment of counsel and without a hearing. Appellant has not previously sought post-conviction relief from the judgment of sentence entered pursuant to his guilty plea.

This Court recently held in *Commonwealth v. Adams,* 465 Pa. 389, 350 A.2d 820 (1976), that:

> "Summary disposition of a petition, without appointment of counsel, is permitted only 'when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he . . . was represented by counsel in proceedings thereon.' Pa.R.Crim.P. 1504. See *Commonwealth v. Smith,* 459 Pa. 583, 330 A.2d 851 (1975); *Commonwealth v. Haynes,* 234 Pa.Super. 556, 340 A.2d 462 (1975).
>
> "Since Adams in his petition, alleged that he was indigent and requested appointment of counsel, the hearing court should have determined if Adams were, in fact, indigent and if so, counsel should have been appointed to assist him."

*Commonwealth v. Adams,* 465 Pa. 389, 391, 350 A.2d 820, 822 (1976). Because the summary disposition of Triplett's petition without the appointment of counsel is at variance with our decision in *Adams,* we remand the record to the trial court to determine whether Triplett's request for the appointment of counsel should be granted and to allow any requested amendments to the pending petition.

It is so ordered.