369 A.2d 1153
**COMMONWEALTH of Pennsylvania**
v.
**Herman A. BLAIR, Appellant.**
Supreme Court of Pennsylvania.
Argued Jan. 18, 1977.
Decided Feb. 28, 1977.

Joel M. Breitstein, Lebanon, for appellant.

George E. Christianson, Dist. Atty., Thomas S. Long, Lebanon, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

OPINION

PER CURIAM.

Following the entry of a guilty plea, appellant Herman Blair was convicted of murder of the second degree and sentenced to eight to sixteen years imprisonment. No direct appeal was taken but thirteen months later a pro se petition for collateral relief was filed under the Post Conviction Hearing Act. Although appellant requested counsel and alleged indigency, the trial court denied his petition without appointing counsel and without holding a hearing. A counselled appeal was then taken to this Court requesting a new trial. In that appeal, appellant raised two arguments: 1) that his guilty plea was accepted without compliance with Pennsylvania Rule of Criminal Procedure 319(a) and, 2) that appellant was wrongly denied a hearing on his petition. Both of these claims were rejected in a per curiam opinion filed October 3, 1975. *See Commonwealth v. Blair,* 463 Pa. 383, 344 A.2d 884 (1975).

On October 19, 1976, we granted a Petition for Reargument nunc pro tunc limited solely to the issue of whether the hearing court erred in summarily dismissing appellant's uncounselled PCHA petition. Having reconsidered our decision, we now overrule our prior holding for the reasons which follow.

The Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. (Supp. 1976–77) requires the appointment of counsel for indigent petitioners except where the claim is patently frivolous and without trace of support in the record. *See* 19 P.S. § 1180–12 (Supp.1976–77). Restated, under the Act, the right of the trial court to summarily dismiss an uncounselled petition is contingent upon the substantive claim raised therein. However, this section of the Post Conviction Hearing Act has been superseded by Pennsyl-

vania Rule of Criminal Procedure 1503 (Adopted January 24, 1968. Effective August 1, 1968).

Under the terms of Rule 1503(a) * the Court is mandated to provide counsel, upon request, in Post Conviction proceedings once petitioner satisfies the Court of his financial inability to obtain counsel. The only exception to this madatory requirement is set forth in Rule 1504 which provides:

> "Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon."

Our prior caselaw has consistently adopted a strict construction of the language of the Rule. As stated in *Commonwealth v. Adams,* 465 Pa. 389, 350 A.2d 820 (1976) in considering a similar claim we held:

> "Without reaching the merits of appellant's substantive claims, we hold that the summary dismissal of the petition in this case without appointment of counsel was error. Pa.R.Crim.P. 1503(a), suspending in part and superseding Section 12 of the Post Conviction Hearing Act, places an affirmative duty on the hearing court to appoint counsel for an indigent petitioner before disposition of his petition. *Commonwealth v. Schmidt,* 436 Pa. 139, 259 A.2d 460 (1969); accord, *Commonwealth v. Conner,* 462 Pa. 278, 341 A.2d 79 (1975); *Commonwealth v. Minnick,* 427 Pa. 399, 235 A.2d 150 (1969). Summary disposition of a petition, without appointment of counsel, is permitted only 'when a previous petition involving the same issue or

---

* Rule 1503(a) provides in pertinent part as follows:
"Except as provided in Rule 1504, when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him."

issues has been finally determined adversely to the petitioner and he . . . was represented by counsel in proceedings thereon.' Pa.R.Crim.P. 1504. See *Commonwealth v. Smith,* 459 Pa. 583, 330 A.2d 851 (1975) ; *Commonwealth v. Haynes,* 234 Pa.Super. 556, 340 A.2d 462 (1975)." (Footnote omitted) *Id.* at 821–22.

*See also Commonwealth v. Triplett,* 467 Pa. 910, 359 A. 2d 392 (1976).

Since appellant did allege indigency and requested appointment of counsel, it was incumbent upon the hearing court to determine whether Blair was indigent and if so, counsel should have been appointed to assist him. *Commonwealth v. Triplett, supra; Commonwealth v. Adams, supra.* Accordingly, the matter is remanded to the trial court for further proceedings consistent with this opinion. Moreover, if it is determined that appellant is entitled to the appointment of counsel, he may, upon request amend his petition.

It is so ordered.

JONES, C. J., and POMEROY, J., did not participate in the consideration or decision of this case.