378 A.2d 420

COMMONWEALTH of Pennsylvania

v.

Rene BROCHU, Appellant.

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Oct. 6, 1977.

Rene Brochu, in pro. per.

Janet L. Crawford, Assistant District Attorney, and William H. Lamb, District Attorney, West Chester, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

On July 6, 1976, appellant entered a plea of guilty to charges of burglary, conspiracy, and escape. The court

accepted the plea and on the burglary charge it sentenced appellant to a one and one-half to four year term of imprisonment, a $10 fine, and the costs of prosecution. On the charge of escape, the court sentenced appellant to pay the costs of prosecution; the court suspended sentence on conspiracy. Appellant did not file a petition to withdraw the guilty plea nor did he take a direct appeal.

On November 12, 1976, appellant filed an uncounselled petition under the Post Conviction Hearing Act.[1] He alleged that the lower court abused its discretion in imposing a sentence that was excessive and that the prison authorities denied his constitutional rights when they transferred him from the Chester County Prison Farm to the Dallas Correctional Institution. In his petition, appellant also alleged that he was unable to pay the costs of the proceedings and requested counsel to represent him. On November 15, 1976, the lower court denied the petition without appointment of counsel and without a hearing. This appeal followed.

In appellant's *pro se* brief to our Court he raises both of the allegations raised below and also asserts that prison authorities abridged his First Amendment right to freedom of religion by forcing him to cut his hair. Appellant alleges that he is a minister in the Universal Life Church and that the dictates of his religion preclude him from cutting his hair.

Without reaching the merits of appellant's substantive claims or indeed, without even determining whether his claims are cognizable in a PCHA proceeding, we hold that the summary dismissal of the petition without appointment of counsel was error. In *Commonwealth v. Blair*, 470 Pa. 598, 599, 369 A.2d 1153, 1154 (1977) the Supreme Court summarized the applicable law:

"The Post Conviction Hearing Act, [supra] requires the appointment of counsel for indigent petitioners except where the claim is patently frivolous and without trace of support in the record. See 19 P.S. § 1180–12 (Supp.1976–77).

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq. effective March 1, 1966; 19 P.S. §§ 1180–1 et seq.

Restated, under the Act, the right of the trial court to summarily dismiss an uncounselled petition is contingent upon the substantive claim raised therein. However, this section of the Post Conviction Hearing Act has been superseded by Pennsylvania Rule of Criminal Procedure 1503 (Adopted January 24, 1968. Effective August 1, 1968).

"Under the terms of Rule 1503(a) the Court is mandated to provide counsel, upon request, in Post Conviction proceedings once petitioner satisfies the Court of his financial inability to obtain counsel. The only exception to this mandatory requirement is set forth in Rule 1504 which provides:

" 'Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.' " (footnote omitted).

Moreover, prior case law mandates strict compliance with Rule 1503. *Commonwealth v. Adams*, 465 Pa. 389, 350 A.2d 820 (1976); *Commonwealth v. Schmidt*, 436 Pa. 139, 259 A.2d 460 (1969); *Commonwealth v. Smith*, 459 Pa. 583, 330 A.2d 851 (1975). Furthermore, in *Adams, supra*, in considering a similar claim, the Court stated: "Pa.R.Crim.P. 1503(a), suspending in part and superseding Section 12 of the Post Conviction Hearing Act, places an affirmative duty on the hearing court to appoint counsel for an indigent petitioner before disposition of his petition." *Commonwealth v. Adams*, supra at 391, 350 A.2d at 821 (citations omitted); *Commonwealth v. Patterson*, 470 Pa. 618, 369 A.2d 1163 (1977); *Commonwealth v. Bradley*, 470 Pa. 602, 369 A.2d 1155 (1977). The Supreme Court has also noted that "counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. . . . 'It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of appli-

cations for post-conviction relief to proceed without counsel for the applicants who have filed *pro se.* . . . Exploration of the legal ground for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff.' " *Commonwealth v. Mitchell,* 427 Pa. 395, 397, 235 A.2d 148, 149 (1967).

In the instant case, appellant alleged in his petition that he was indigent and requested appointment of counsel. The hearing court should have determined whether appellant was, in fact, indigent and if so, should have appointed counsel to assist him. Accordingly, we remand the record to the trial court for further proceedings consistent with this opinion. Finally, if the court determines that appellant is entitled to the appointment of counsel, he may, upon request, amend his petition.

Reversed and remanded.