385 A.2d 1004

COMMONWEALTH of Pennsylvania

v.

**Lincoln IRONS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided April 28, 1978.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying his Post Conviction Hearing Act[1] petition without a hearing. Because appellant did not receive the assistance of counsel in preparing his PCHA petition, we vacate the lower court's order and remand for proceedings consistent with this opinion.

Harrisburg police arrested appellant and charged him with aggravated assault and battery[2] and assault with intent to kill[3] based upon two separate incidents; the first occurred on May 19, 1972, and the second on May 5, 1973. Both attacks were upon the same victim and the cases were consolidated for trial. Following a trial on October 16, 1973, at which a Dauphin County Public Defender represented appellant, the jury returned a verdict of guilty on both indictments. After the denial of post-verdict motions, appellant filed a direct appeal to our Court. While the appeal was pending, appellant filed a *pro se* PCHA petition. On September 23, 1974, our Court filed an opinion which affirmed appellant's judgment of sentence. *Commonwealth v. Irons,* 230 Pa.Super. 56, 326 A.2d 488 (1974). On November

1. Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1, eff. March 1, 1966; 19 P.S. § 1180–1, et seq.

2. The Penal Code, Act of June 24, 1939, P.L. 872, § 708; 18 P.S. § 4708 (Now repealed).

3. The Penal Code, supra; 18 P.S. § 4711.

26, 1974, appellant filed his second *pro se* PCHA petition and, on February 20, 1975, the court denied the petition without appointment of counsel and without a hearing. Subsequently, on April 28, 1975, appellant filed his third *pro se* PCHA petition together with a supplemental brief. In the petition appellant raised the following issues: denial of the effective assistance of counsel, unconstitutional suppression of evidence by the state, unconstitutional use by the state of perjured testimony, violation of state and federal constitutional rights, and after-discovered exculpatory evidence. On May 8, 1975, the lower court appointed a member of the Dauphin County Public Defender's office to represent appellant. The public defender did not take any action on appellant's behalf in the lower court and on August 5, 1975, the court denied appellant's third PCHA petition without a hearing. The court reasoned that all issues raised had either been fully litigated or waived. On November 17, 1976, our Court granted appellant leave to appeal *nunc pro tunc* from the denial of PCHA relief. Appellant is now represented by new counsel who is not a member of the Dauphin County Public Defender's office.

Appellant contends that the lower court erred in denying his PCHA petition. In *Commonwealth v. Blair*, 470 Pa. 598, 369 A.2d 1153, 1154 (1977), our Supreme Court summarized the applicable law for determining when a court may dismiss a PCHA petition without affording an indigent prisoner the assistance of counsel.

"Under the terms of Rule 1503(a) [Pennsylvania Rules of Criminal Procedure, 19 P.S.Appendix], the Court is mandated to provide counsel, upon request, in Post Conviction proceedings once petitioner satisfies the Court of his financial inability to obtain counsel. The only exception to this mandatory requirement is set forth in Rule 1504 which provides:

" 'Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous

petition involving the same issue or issues has been finally determined adversely to the petitioner *and* he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.' " (footnote omitted) (emphasis supplied).

Further, in *Commonwealth v. Brochu*, 249 Pa.Super. 526, 378 A.2d 420, 422 (1977), our Court focused on the requirement that an indigent PCHA petitioner receive the assistance of a trained attorney: " 'Pa.R.Crim.P. 1503(a)  .  .  . places an affirmative duty on the hearing court to appoint counsel for an indigent petitioner before disposition of his petition.'  .  .  .

" '[C]ounsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention  .  .  .. "It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed *pro se*  .  .  .. Exploration of the legal ground for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff." ' *Commonwealth v. Mitchell*, 427 Pa. 395, 397, 235 A.2d 148, 149 (1967)."

Lastly, and of primary importance in the instant case, our Supreme Court has noted that the rule requiring legal representation for indigent PCHA petitioners " .  .  . is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation." *Commonwealth v. Fiero*, 462 Pa. 409, 413, 341 A.2d 448, 450 (1975). See also *Commonwealth v. Scott*, 469 Pa. 381, 366 A.2d 225 (1976); *Commonwealth v. Prowell*, 249 Pa.Super. 435, 378 A.2d 374 (1977); *Commonwealth v. Singleton*, 248 Pa.Super. 46, 374 A.2d 1309 (1977).

■ In *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448 (1975), appellant filed a *pro se* petition and the court appointed counsel. Counsel failed to file a brief or an amended petition and the court dismissed it without oral argument or a hearing. Appellant then filed a second *pro se* PCHA petition and again, appointed counsel took no action. Consequently, the lower court dismissed the petition without oral argument or a hearing. The Supreme Court held that appellant's PCHA proceedings were, in fact, uncounseled, and they remanded to the lower court to afford appellant "the opportunity of legally trained counsel to advance his position in acceptable legal terms." *Fiero,* supra, 462 Pa. at 413, 341 A.2d at 450. Thus, Pennsylvania case law and Rules of Criminal Procedure require counsel to take actions designed to aid the indigent petitioner effectively frame his PCHA petition.

■ In the instant case, the lower court dismissed appellant's first and second *pro se* PCHA petitions without appointment of counsel and without a hearing. The court dismissed appellant's third PCHA petition without a hearing and without any trace of participation by appellant's appointed counsel.[4] The record before us indicates that appellant's court-appointed PCHA counsel did not file an amended petition to clarify the facts and conclusions of law asserted in appellant's petition. Additionally, counsel failed to file a supporting brief, to make oral argument, or to present evidence to the lower court. Consequently, we find that appellant's third petition as well as his first two were uncounseled. Accordingly, we vacate the order of the lower court and remand with instructions to afford appellant the opportunity to be represented by counsel in the filing of an amended PCHA petition and in any further proceedings thereon.

Order vacated and case remanded for proceedings consistent with this opinion.

4. The Public Defender did petition the lower court for permission to appeal *in forma pauperis.*