418 A.2d 700

**COMMONWEALTH of Pennsylvania**

v.

**Conrad E. MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Feb. 22, 1980.

J. Patrick Walsh, Butler, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

HESTER, Judge:

Following trial by jury which commenced on April 12, 1976, in Butler County, appellant was convicted of rape. Post trial motions were denied, and appellant was sentenced to a term of imprisonment of 10 to 20 years. The facts of the case were brutal and barbaric. The pre-sentence report revealed that on June 9, 1970, appellant pled guilty, in Charleston, South Carolina, to charges of rape and assault with intent to ravish and was there sentenced to 15 years imprisonment. He was paroled after serving 5 years. The Butler County incident occurred approximately 6 months following the granting of appellant's parole.

An appeal was taken to this Court November 8, 1976 at No. 146 April, 1977. This Court affirmed. Petition for allowance of appeal to the Pennsylvania Supreme Court was denied March 27, 1978.

On June 30, 1977, during the period his appeal was pending before this Court, appellant filed an uncounseled Post Conviction Hearing Act Petition alleging, among other things, indigency and he requested the appointment of counsel. The lower court properly dismissed this petition, without an evidentiary hearing, due to the appeal then pending before this Court.

On July 3, 1978, appellant filed his second uncounseled P.C.H.A. petition wherein he alleged indigency and the ineffectiveness of trial counsel. He also requested the appointment of counsel. The court below dismissed this petition without an evidentiary hearing. In its opinion, the court correctly observed that the reasons advanced for Post Conviction Relief were "merely warmed over from his motion for new trial" and were "utterly without merit." Hence, this appeal. The court did appoint counsel to represent appellant in the within appeal.

We have reviewed the record in detail and agree that the allegations set forth in the petition are completely lacking in merit.

However, we are of the opinion that the summary dismissal of the petition without appointment of counsel was error.

The within situation is similar to that in *Commonwealth v. Adams*, 465 Pa. 389, 350 A.2d 820 (1976) wherein the court stated:

"Without reaching the merits of appellant's substantive claims, we hold that the summary dismissal of the petition in this case without appointment of counsel was error. Pa.R.Crim.P. 1503(a), suspending in part and superseding Section 12 of the Post Conviction Hearing Act,[2] places an affirmative duty on the hearing court to appoint counsel for an indigent petitioner before disposition of his petition. *Commonwealth v. Schmidt*, 436 Pa. 139, 259 A.2d 460

(1969); accord, *Commonwealth v. Conner,* 462 Pa. 282, 341 A.2d 79 (1975); *Commonwealth v. Minnick,* 427 Pa. 399, 235 A.2d 150 (1969). Summary disposition of a petition, without appointment of counsel, is permitted only 'when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he . . . was represented by counsel in proceedings thereon.' Pa.R.Crim.P. 1504. See *Commonwealth v. Smith,* 459 Pa. 583, 330 A.2d 851 (1975); *Commonwealth v. Haynes,* 234 Pa.Super. 556, 340 A.2d 462 (1975).

2. See Act of July 11, 1957, P.L. 819, § 1, 17 P.S. § 2084.

Since Adams in his petition, alleged that he was indigent and requested appointment of counsel, the hearing court should have determined if Adams were, in fact, indigent and if so, counsel should have been appointed to assist him. *Commonwealth v. Conner, supra.*"

Rule 1503(a) of Pennsylvania Rules of Criminal Procedure provides in part:

"Except as provided in Rule 1504, when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him."

■ As has often been reiterated, the right to a hearing on a PCHA petition is not absolute. *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Cimaszewski,* 234 Pa.Super. 299, 339 A.2d 95 (1975); *Commonwealth v. Hayden,* 224 Pa.Super. 354, 307 A.2d 389 (1973). Section nine of the PCHA provides:

"If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. *However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner.*"

In *Commonwealth v. Blair,* 470 Pa. 598, 599–600, 369 A.2d 1153, 1154 (1977), our Supreme Court summarized the applicable law for determining when a court may dismiss a

PCHA petition without affording an indigent prisoner the assistance of counsel:

> "The Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. (Supp.1976–77) requires the appointment of counsel for indigent petitioners except where the claim is patently frivolous and without trace of support in the record. See 19 P.S. § 1180–12 (Supp.1976–77). Restated, under the Act, the right of the trial court to summarily dismiss an uncounselled petition is contingent upon the substantive claim raised therein. However, this section of the Post Conviction Hearing Act has been superseded by Pennsylvania Rule of Criminal Procedure 1503 (Adopted January 24, 1968. Effective August 1, 1968).

> Under the terms of rule 1503(a) * the Court is mandated to provide counsel, upon request, in Post Conviction proceedings once petitioner satisfies the Court of his financial inability to obtain counsel. The only exception to this mandatory requirement is set forth in Rule 1504 which provides:
>
> * Rule 1503k(a) provides in pertinent part as follows:
>
> 'Except as provided in Rule 1504, when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him.'

> 'Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.'

> Our prior caselaw has consistently adopted a strict construction of the language of the Rule. As stated in *Commonwealth v. Adams*, 465 Pa. 389, 350 A.2d 820 (1976) . . . ."

Further, in *Commonwealth v. Brochu*, 249 Pa.Super. 526, 530, 378 A.2d 420, 422 (1977), our Court focused on the requirement that an indigent PCHA petitioner receive the assistance of a trained attorney. "Pa.R.Crim.P. 1503(a) . . .

places an affirmative duty on the hearing court to appoint counsel for an indigent petitioner before disposition of his petition." See also, *Commonwealth v. Irons*, 254 Pa.Super. 251, 385 A.2d 1004 (1978).

Since the record reveals that appellant did allege indigency and requested appointment of counsel, we must conclude that it was incumbent upon the hearing court to determine whether Miller was indigent and if so, counsel should have been appointed to assist him. Accordingly, the Order is vacated and the matter remanded to the trial court for further proceedings consistent with this Opinion.

It is so ordered.