412 A.2d 492
**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Julio ALVARADO, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 21, 1980.
Decided March 20, 1980.

<hr/>

David Cohen, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Philadelphia, Sarah Vandenbraak, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

Julio Alvarado, appellant, entered a counselled plea of guilty to murder generally, on June 2, 1966, before a three-judge court of the Court of Common Pleas of Philadelphia. After a counselled degree-of-guilt hearing, the court found

Alvarado guilty of murder of the first degree and, after presentence reports were filed, sentenced him to death. A timely appeal was filed in this Court by Alvarado's trial counsel in August 1966.

In November 1966, Alvarado's trial counsel petitioned this Court to withdraw as counsel. We remanded this petition to the Court of Common Pleas for appropriate disposition, and, after a hearing in March 1967, that court permitted counsel to withdraw.

On November 1, 1967, newly appointed counsel petitioned this Court to remand the record to the Court of Common Pleas to permit the filing of a petition to withdraw the guilty plea. We granted the petition to remand, and, after a hearing, the trial court denied Alvarado's petition to withdraw his guilty plea. Alvarado filed an appeal from that order in this Court. Thereafter, we ordered the Court of Common Pleas to vacate the death penalty and to impose a sentence of life imprisonment, but otherwise denied relief. See *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971).

In October 1977, Alvarado filed two pro se petitions under the Post Conviction Hearing Act [hereinafter: PCHA], Act of January 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* (Supp. 1979–80).[1] In these petitions, Alvarado claimed he was indigent and requested that coun-

---

1. One of these petitions is self-styled, that is, not in conformity with the form set forth in Pa.R.Crim.P. 1501. In this petition, Alvarado challenges the validity of his guilty plea, apparently claiming it was induced by coercion, an unlawful arrest and detention, an unlawfully obtained confession, and an inability to understand police interrogation because of the absence of an interpreter. Alvarado also contends that the court which found him guilty of murder of the first degree was biased or prejudiced against him, thus denying Alvarado due process and equal protection of the law.

Alvarado's second petition, which was apparently considered simultaneously by the trial court with his other petition, is a form petition substantially similar to the form set forth in Pa.R.Crim.P. 1501. In this petition, Alvarado again challenges the validity of his guilty plea and alleges several violations of his constitutional rights. Alvarado also claims the existence of evidence previously unavailable at the guilty plea proceedings. In the instant counselled appeal, Alvarado does not pursue the claims raised in the second petition.

sel be appointed to represent him. The trial court rejected the request to appoint counsel and summarily dismissed the petitions after holding that the issues raised by Alvarado had been finally litigated on direct appeal to this Court. See PCHA, 19 P.S. § 1180–4(a)(3). This appeal followed.

Instantly, Alvarado contends that the issues raised in his post-conviction petition were not finally litigated or waived.[2] Alvarado argues that, although he again challenges the validity of his guilty plea, the reasons now raised to support this challenge were not considered by this Court on his direct appeal from the judgment of sentence. We agree.

On direct appeal, we considered Alvarado's petition to withdraw his guilty plea. Alvarado there argued, in support of the petition, that trial counsel was ineffective for failing to object to the introduction of inflammatory photographs and for failing to inform the sentencing court of a promise by the prosecutor not to seek the death penalty. Alvarado also argued that the prosecutor failed to abide by his promise to not seek the death penalty.

We held that trial counsel was not ineffective for the grounds asserted, but, since the district attorney had promised not to seek the death penalty and had not informed the sentencing court of this promise, we determined the appropriate disposition was a modification of the sentence to life imprisonment. Accordingly, we ordered the trial court to vacate the death penalty and to impose a sentence of life imprisonment.

On direct appeal, we did not consider, on the merits, whether Alvarado's plea of guilt was improperly induced on the grounds now asserted as a basis for post-conviction relief. Accordingly, the precise claims now raised by Alvarado in his post-conviction petition have not been finally litigated. Cf. *Commonwealth v. Zakrzewski*, 485 Pa. 532, 403 A.2d 516 (1979).

Accordingly, we will not consider them further. Cf. *Commonwealth v. McKenna*, 476 Pa. 428, 383 A.2d 174 (1978).

2.  Alvarado also argues that he was improperly denied an evidentiary hearing. In view of our disposition of the case, infra, we do not reach this issue.

The Commonwealth argues that, even if the claims asserted by Alvarado in his post-conviction petitions have not been finally litigated, they were not raised on direct appeal and are, therefore, waived. See PCHA, 19 P.S. § 1180–4(b). Accordingly, argues the Commonwealth, since Alvarado has not pleaded the existence of extraordinary circumstances justifying the failure to raise the claims asserted in his post-conviction petitions on direct appeal, the petitions were properly dismissed on the basis of waiver. However, the issue of waiver may not be resolved on the present record.

In *Commonwealth v. Minnick*, 436 Pa. 42, 258 A.2d 515 (1969), we held that a post-conviction petition could not be summarily disposed of, without appointment of counsel, on the ground of waiver. We there reasoned the following:

"The question of waiver is often a complicated legal one. There may be 'extraordinary circumstances' which will justify petitioner's failure to raise the issue. . . . There may have been an intervening change in the law which will not entitle him to relief. . . . And failure to raise an issue constitutes only a 'rebuttable presumption' of waiver. . . . These are not the kinds of issues which we can expect an uncounseled petitioner to adequately deal with. . . ." [Citations omitted.] *Commonwealth v. Minnick*, supra, 436 Pa. at 45, 258 A.2d at 516–17. Since Alvarado requested counsel and alleged that he was indigent, it was incumbent upon the trial court to determine if Alvarado was indigent and, if so, to appoint counsel. See *Commonwealth v. Blair*, 470 Pa. 598, 369 A.2d 1153 (1977).

Accordingly, the matter is remanded to the trial court for further proceedings consistent with this opinion. Moreover, if Alvarado is determined to be entitled to appointed counsel, he may, upon request, amend his petition. See *Commonwealth v. Blair*, supra.

It is so ordered.

KAUFFMAN, J., did not participate in the consideration or decision in this case.