428 A.2d 987

**COMMONWEALTH of Pennsylvania**

**v.**

**Sherril HOBSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed April 16, 1981.

272

Philip P. Lope, Zelienople, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before SPAETH, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas, Butler County, summarily denying a petition for post-conviction relief filed by appellant. Because appellant did not receive the assistance of counsel in preparing his Post-Conviction Hearing Act[1] (PCHA) petition, we vacate the lower court's order and remand for proceedings consistent with this opinion.

Appellant was convicted of robbery by a jury.[2] Post-trial motions were denied[3] and appellant was sentenced to three to eight years imprisonment. A direct appeal was taken[4] to

---

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp.1979–80).

2. The case proceeded to trial after the court refused to approve a plea bargain agreement entered into by the appellant and the Commonwealth. Thereafter, on Feb. 9, 1977, appellant's petition to dismiss for the Commonwealth's failure to comply with Pa.R.Crim.P. 1100 was likewise denied. Record Nos. 14 and 18.

3. These included, *inter alia*, the claim that the Commonwealth violated appellant's right to a speedy trial under Rule 1100. Record No. 45.

4. This action was commenced by trial counsel, who was replaced by privately retained counsel after trial counsel had filed the initial appeal to this Court. Additionally, private counsel raised the Rule 1100 issue in his petition for *allocatur* to our Supreme Court. Record No. 66.

this Court and we affirmed by *per curiam* order. *Commonwealth v. Hobson*, 286 Pa.Super. 271, 428 A.2d 987 (1978). The Supreme Court denied *allocatur* on November 29, 1978.

On July 16, 1979, appellant filed a *pro se* PCHA petition [5] wherein he alleged indigency and the ineffectiveness of trial counsel. He also requested the appointment of counsel. The court below dismissed this petition without an evidentiary hearing or the appointment of counsel on the grounds that the ineffectiveness issue was waived and the claims attendant thereto were no longer viable, having been finally litigated.[6] We do not agree.

To begin with, as to the question of waiver, our Supreme Court has held that a post-conviction petition cannot be summarily disposed of, without appointment of counsel, on such ground. *Commonwealth v. Minnick*, 436 Pa. 42, 258 A.2d 515 (1969). The rationale being:

> "The question of waiver is often a complicated legal one. There may be 'extraordinary circumstances' which will justify petitioner's failure to raise the issue. There may have been an intervening change in the law which will now entitle him to relief. And failure to raise an issue constitutes only a 'rebuttable presumption' of waiver. These are not the kinds of issues which we can expect an uncounseled petitioner to adequately deal with." (Citations omitted) *Id.*, 436 Pa. at 45, 258 A.2d at 516–17.

Instantly, inasmuch as appellant alleged indigency and requested the appointment of counsel in the PCHA petition, the lower court erred in dismissing same without first assigning counsel to assist appellant. *Commonwealth v. Alvarado*, 488 Pa. 250, 412 A.2d 492 (1980). Given such omission, the normal procedure would be "to remand to the hearing

---

**5.** This petition was the second filed by appellant. February 8, 1978, the time during which the appeal was pending before this Court, was when the first was filed. Given the pendency of the appeal, it was properly dismissed by the lower court without an evidentiary hearing. *Commonwealth v. Miller*, 275 Pa.Super. 236, 418 A.2d 700 (1980); Pa.R.A.P. 1701(a).

**6.** Only after the lower court denied the PCHA petition did it assign counsel to represent appellant on the present appeal.

court for a determination of whether an evidentiary hearing, and/or other relief, should be granted." *Commonwealth v. Minnick, supra,* 436 Pa. at 45, 258 A.2d at 517. However, before doing so, the Court thinks it in the interest of judicial economy, *id.,* to address one of appellant's claims. "We take this course because it is clear on this record that [the] issue which petitioner . . . raise[s] on his direct appeal has already been finally determined against him." *Id.* To-wit, the Rule 1100 issue. The fact that such point has been presented in an unsuccessful appeal to this Court, as well as to the Pennsylvania Supreme Court in the form of a petition for *allocatur,* renders *it* finally litigated. 19 P.S. § 1180–4(a)(2) & (3) (Supp.1979–80); *Commonwealth v. Gardner,* 250 Pa. Super. 86, 378 A.2d 465 (1977). As for the second of appellant's claims, i. e., counsel's failure to subpoena alibi witnesses, the same result does not obtain.[7]

A review of the record reveals that neither this Court nor the Supreme Court considered, on its merits, whether appellant's counsel was ineffective for failing to subpoena named alibi witnesses. Accordingly, such issue, raised in appellant's post-conviction petition, has not been finally litigated.[8] *See Commonwealth v. Alvarado, supra;*

7. This issue was set forth in appellant's *pro se* PCHA brief. Record No. 69, at 21. The fact that the lower court was cognizant of such brief is evident from the Order, dated August 2, 1979, dismissing the PCHA petition, in which the court directed that the "*pro se* brief be filed with the papers." Record No. 70, at 2. As such, the lower court's remark in its memorandum opinion that there were only "two areas that [were] the subject of [appellant's] request for post-conviction relief," i. e., "(a) that he was illegally extradited from the State of Arkansas and (b) that the court erred in refusing to dismiss the charges under Rule 1100," Record No. 73, at 2, is erroneous. Thus, the court's summary dismissal of the PCHA petition on the grounds that *all* the issues in support of the ineffective counsel claim were either finally litigated or waived is specious. *See, e.g., Commonwealth v. Sinwell,* 259 Pa.Super. 544, 547 & n. 5, 393 A.2d 959, 961 & n. 5 (1978).

 The Court notes that the extradition question was presented under the rubric of a Rule 1100 violation at pre-trial, post-trial and on the first appeal to this Court. Thus, the point is finally litigated. 19 P.S. § 1180–4(a)(2) (Supp.1979–80).

8. This determination undermines the Commonwealth's contention that the appellant's failure to raise the alibi question in the appeal to

*see generally Commonwealth v. Rhodes,* 272 Pa.Super. 546, 556, 416 A.2d 1031, 1035–36 (1979). Moreover, even if *arguendo* the contention of counsel's ineffectiveness were deemed waived, the lower court would still be unable to dismiss summarily a *pro se* petition on such ground. *Commonwealth v. Minnick, supra; see Commonwealth v. McClinton,* 488 Pa. 598, 413 A.2d 386 (1980) (court erred in dismissing initial PCHA petition without a hearing where counsel was not appointed to assist petitioner in the proceedings); *Commonwealth v. Miller, supra* (summary dismissal of uncounseled petition without appointment of counsel by court is error); *Commonwealth v. Cochran,* 261 Pa.Super. 236, 396 A.2d 375 (1978) (court below erred in summarily dismissing petitioner's uncounseled petition, even if it were the third one filed); *see also Commonwealth v. Schmidt,* 436 Pa. 139, 259 A.2d 460 (1969) (summary disposition of a petition, without appointing counsel, is permitted only " 'when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he . . . was represented by counsel in proceedings thereon.' Pa.R. Crim.P. 1504."); *cf. Commonwealth v. Mitchell,* 266 Pa.Super. 45, 402 A.2d 1070 (1979) (issues waived by failure to raise them in prior PCHA petition filed by petitioner, where counsel was appointed and a hearing held).

 Since we find that in the case *sub judice* the dismissal of the appellant's petition without the appointment of counsel was error, because the issue alleged therein was neither finally litigated nor waived, we remand to the lower court without reaching the merits of the issue. *Commonwealth v. Miller, supra* (appellate court reviewed the record and agreed with the lower court that the allegations in the petition were completely lacking in merit. Nevertheless, the

the Supreme Court, during which time counsel other than trial counsel represented the accused, precludes him from doing so thereafter. *See generally Commonwealth v. Sinwell, supra; Commonwealth v. Minnick, supra.* In fact, the point that the alibi question is of first impression is conceded by the Commonwealth in its brief, wherein it states that the alibi issue "was not raised in post-trial motions or on previous appeals filed in this case." *See* Commonwealth's Brief, at 5.

summary dismissal of the PCHA petition without appointment of counsel being error, the case was remanded). Such action is consistent with our prior case law. As was stated by our Supreme Court in *Commonwealth v. Adams*, 465 Pa. 389, 350 A.2d 820 (1976):

"Without reaching the merits of appellant's substantive claims, we hold that the summary dismissal of the petition in this case [, which dealt with guilty pleas from which no appeal was taken,] without appointment of counsel was error. Pa.R.Crim.P. 1503(a) suspending in part and superseding Section 12 of the Post-Conviction Hearing Act, places an affirmative duty on the hearing court to appoint counsel for an indigent petitioner before disposition of his petition. *Commonwealth v. Schmidt* [*supra*]; accord, *Commonwealth v. Conner*, 462 Pa. 282, 341 A.2d 79 (1975); *Commonwealth v. Minnick*, [*supra*]. Summary disposition of a petition, without appointment of counsel, is permitted only 'when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he ... was represented by counsel in proceedings thereon.' Pa.R.Crim.P. 1504. See *Commonwealth v. Smith*, 459 Pa. 583, 330 A.2d 851 (1975); *Commonwealth v. Haynes*, 234 Pa.Super. 556, 340 A.2d 462 (1975)." (Footnote omitted) *Id.*, 465 Pa. at 391, 350 A.2d at 821–22. Accord *Commonwealth v. Miller, supra* (direct appeal affirmed and allocatur denied prior to filing of uncounseled petition which was summarily denied); *see also Commonwealth v. McClinton, supra; Commonwealth v. Alvarado, supra; Commonwealth v. Brown*, 261 Pa.Super. 240, 396 A.2d 377 (1978); *Commonwealth v. Irons*, 254 Pa.Super. 251, 385 A.2d 1004 (1978); *Commonwealth v. Bostic*, 251 Pa.Super. 224, 380 A.2d 459 (1977); *see generally Commonwealth v. Padgett*, 485 Pa. 386, 402 A.2d 1016 (1979).

Further, in *Commonwealth v. Brochu*, 249 Pa.Super. 526, 378 A.2d 420, 422 (1977), our Court focused on the requirement that an indigent PCHA petitioner receive the assistance of a trained attorney. " 'Pa.R.Crim.P. 1503(a) ... places an affirmative duty on the hearing court to appoint

counsel for an indigent petitioner before disposition of his petition.'" The reason behind the insistence upon the appointment of counsel was succinctly stated by us in *Commonwealth v. Irons, supra, viz.*:

> "'"[C]ounsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention .... It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed *pro se* .... Exploration of the legal ground for complaint, investigation of the underlying facts, and more articulate statement of the claims are functions of an advocate that are inappropriate for a judge, or his staff." *Commonwealth v. Mitchell*, 427 Pa. 395, 397, 235 A.2d 148, 149 (1967).'" *Id.* 254 Pa.Super. at 254, 385 A.2d at 1006, quoting *Commonwealth v. Brochu, supra.*

In the case at bar, the lower court dismissed appellant's *pro se* petition without appointing counsel and without a hearing.[9] As a result, since appellant did allege indigency and did request the appointment of counsel, it was incumbent upon the hearing court to determine whether Hobson was indigent and, if so, whether counsel should have been appointed to assist him. *Commonwealth v. Blair*, 470 Pa. 598, 601, 369 A.2d 1153, 1154 (1977); *Commonwealth v. Miller, supra.*

Consequently, we have no choice but to vacate the order of the lower court and remand with instructions to afford appellant the opportunity to be represented by counsel in

---

**9.** In light of the strict construction to be given to Rule 1504, *Commonwealth v. Sinwell, supra*, this action was error. Appellant's PCHA claim regarding his alibi witnesses, having not been previously determined adversely against him at a counseled proceeding, was not finally litigated. Moreover, the fact that the petition filed was uncounseled prevented the issue from being considered waived. *Commonwealth v. Minnick, supra.* Therefore, the summary dismissal of the petition without first appointing counsel was improper. *Commonwealth v. High*, 260 Pa.Super. 120, 393 A.2d 1041 (1978).

filing an amended PCHA petition and in any further proceedings thereon.

Order vacated and case remanded for proceedings consistent with this opinion.