348 A.2d 87
**COMMONWEALTH of Pennsylvania**
v.
**James H. PADGETT, Appellant.**

Supreme Court of Pennsylvania.

Argued May 6, 1975.

Decided Nov. 24, 1975.

2

3

John W. Thompson, Jr., Shoemaker & Thompson, York, for appellant.

Donald L. Reihart, Dist. Atty., York, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and NIX, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, James H. Padgett, was tried by a judge sitting with a jury and found guilty of murder in the first

degree. Post-trial motions were denied and appellant was sentenced to life imprisonment. A direct appeal was taken to this court and the case was remanded for an evidentiary hearing to determine if appellant was denied effective assistance of counsel at trial. After the evidentiary hearing on this issue, appellant's ineffective assistance of counsel claim was denied by the court below. Thereafter, this appeal was filed in which appellant raises allegations of error concerning his conviction and the ineffective assistance of trial counsel.

The facts surrounding this appeal are as follows. On October 14, 1972 at or about 12:25 a. m., the decedent, Rita Jo Murray, was taken to York Hospital, where she was pronounced dead on arrival. The decedent was taken to the hospital by appellant and a passerby whom appellant had stopped and asked for help. At the hospital, appellant told police officers that the decedent was "his woman" and that she had been shot. At approximately 1:00 a. m. on the same day, appellant appeared at police headquarters and stated that he was the person who shot the decedent and handed the police a gun.

At trial, appellant took the witness stand in his own behalf and stated that the shooting had been accidental and that he simply pointed the gun at the decedent, at a distance of six feet from her, in fun, not knowing it was loaded. Moreover, he stated that at the time of the shooting he was "high" from drugs or alcohol. However, on cross-examination appellant stated that he was not completely under the influence of drugs or alcohol. In addition, he stated that he had shot the gun on the day of the homicide, but was not sure whether he emptied the gun before the shooting of the decedent.

Appellant first argues that the evidence as produced by the Commonwealth was insufficient to support a verdict of murder in the first degree. Appellant premises this argument on the fact that while a deadly weapon was used in the instant case, it was not fired at a

vital organ. Appellant contends that since the shot entered the decedent's arm, and only by fiat proceeded through the heart, the inference of specific intent to kill, which is needed to sustain a conviction of murder in the first degree, is negated. While agreeing with appellant's definition of what is needed to sustain a conviction of murder in the first degree, we are not persuaded that it must be shown that the bullet fired from a revolver, a deadly weapon, initially entered a vital organ before the inference of specific intent to kill can arise. The firing of a bullet in the general area in which vital organs are located can in and of itself be sufficient to prove specific intent to kill beyond a reasonable doubt. See *Commonwealth v. Gidaro*, 363 Pa. 472, 478, 70 A.2d 359 (1950).

Appellant also argues that since he testified that the shooting was accidental, and that at the time of the homicide he was "high" on drugs or alcohol, he could not be found to possess the requisite *mens rea* needed to sustain a conviction of murder in the first degree. While appellant stated on direct examination that he had been drinking and using drugs, and thus lacked the mental condition to form a specific intent to kill, on cross-examination he stated that he was really not inebriated or under the influence of drugs. Based on this testimony, the jury was presented with a conflict in testimony, which they resolved against appellant, thus leaving the issue of the intentional firing of a loaded revolver at another human being, which is sufficient to convict appellant of murder in the first degree. Moreover, appellant stated that the gun had been fired at a distance of six feet from the decedent; however the Commonwealth's expert testified that there were powder burns on the decedent's clothing, indicating that the weapon had been fired at point-blank range, thus establishing another conflict in appellant's testimony and allowing the jury to properly infer that the shooting had been intentional.

6

Appellant next argues that the trial judge committed prejudicial error in failing to rule on appellant's demurrer to the Commonwealth's case-in-chief immediately after the motion was made, instead of waiting until the close of appellant's case. We do not agree. While the trial judge is required to rule immediately upon the demurrer of a defendant, we fail to see how the trial judge's failure to do so could be considered prejudicial. The Commonwealth had proved that the victim had died of a gunshot wound fired at point-blank range from a gun fired by appellant. Under these facts, the Commonwealth had established a prima facie case of criminal homicide, and thus the demurrer would have been properly denied at the close of the Commonwealth's case-in-chief. Accordingly, the refusal of the trial judge to rule on the demurrer at the proper time is certainly harmless error beyond a reasonable doubt. See *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Appellant lastly raises the issue that his trial counsel was ineffective. We remanded this appeal, after appellant's first direct appeal to this court, in order that the court below could pass upon this issue. A hearing was held in the court below on the issue of ineffective assistance of counsel and the issue was decided against appellant. Appellant's counsel in this appeal argues that trial counsel was ineffective for failing to (1) properly prepare appellant for cross-examination; (2) present a defense that no one would intentionally kill a victim by pointing a gun at the victim's arm; and (3) investigate an alleged assault and battery conviction of appellant committed on the victim prior to the homicide.

In the instant case we do not find that appellant's counsel was ineffective in not properly preparing appellant for cross-examination. Appellant took the witness stand against the advice of counsel, and on direct examination testified to his version of the homicide that would, in his opinion, establish that the killing was acci-

dental. On cross-examination, the Commonwealth elicited answers from appellant that conflicted with his direct examination testimony and established that the killing was not as appellant had stated on direct. It is obviously the theory of appellant's present counsel that appellant should have been prepared to answer the Commonwealth's questions with answers that would have supported his direct testimony, regardless of the truth of the answers. In the instant case, appellant allegedly answered truthfully the Commonwealth's questions and his counsel cannot be said to be ineffective for failing to prepare appellant to substantiate his direct testimony. Cf. *Com. ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

Appellant's second claim is that a defense that no one would intentionally kill a victim by shooting at an arm is evidence of ineffective assistance of counsel. We do not agree. Appellant's theory was that the killing was accidental, and he took the witness stand and admitted pointing the weapon at the arm of the victim in jest. Appellant and his trial counsel want to show that this pointing of the weapon at the arm of the victim evidenced a lack of specific intent to kill. While this tactical decision may be said not to be the best possible, it can hardly be said to evidence ineffective assistance of counsel. The jury may well have accepted the theory that had anyone intentionally sought to kill a person, he would fire at a vital organ, and thus reduce the verdict to second-degree murder or voluntary manslaughter or even acquit appellant.

Lastly, appellant argues that his trial counsel was ineffective for failing to object to the testimony of the victim's sister that appellant had plead guilty to assault and battery charges filed against appellant by the victim prior to the homicide. This argument is premised on the theory that if appellant's trial counsel had investigated the charges, he would have discovered that at the

8

hearing on the charges appellant agreed to leave the victim alone in return for the charges being dropped, which in fact they were. Without reaching the merits of the ineffectiveness claim, we are of the opinion that the testimony of the victim's sister regarding the plea of guilty was harmless error beyond a reasonable doubt. The victim's mother testified for the Commonwealth and stated that she was present during the time of the incident from which the assault and battery charges arose and that she saw appellant strike the victim. This testimony would have been admissible to prove malice on the part of appellant toward the victim. See *Commonwealth v. Kravitz*, 400 Pa. 198, 161 A.2d 861 (1960). Since the eyewitness testimony of the victim's mother was admissible, the jury was already aware that appellant had previously struck the victim and thus the testimony regarding the plea of guilty would be harmless error beyond a reasonable doubt. See *Chapman v. California, supra.* Moreover, appellant, against the advice of counsel, took the witness stand to give his version of the homicide and stated that the assault and battery charges had been dropped by the victim because of a reconciliation between them.

Judgment of sentence affirmed.

ROBERTS, J., filed a dissenting opinion.

MANDERINO, J., took no part in the consideration or decision of this case.

ROBERTS, Justice (dissenting).

The majority distorts and misapplies the inference arising from the use of a deadly weapon upon another person and therefore erroneously concludes sufficient evidence was introduced at trial to warrant a verdict of murder in the first degree. In my view, evidence of "the firing of a bullet [at a] general area in which vital or-

gans are located," ante at 88, is not of itself sufficient to warrant a judgment of murder in the first degree. I dissent and would remand for the entry of judgment of sentence for murder in the second degree.

Murder is the unlawful killing of another accompanied by certain states of mind of the actor. Cf. *Commonwealth v. Stewart*, 461 Pa. 274, 336 A.2d 282 (1975); see also *Commonwealth v. Taylor*, 461 Pa. 557, 565–566, 337 A.2d 545, 549 (1975) (concurring opinion of this writer joined by Jones, C. J., & Eagen & Manderino, JJ.); W. LaFave & A. Scott, Handbook on Criminal Law §§ 68–72 (1972). This crime was divided by statute into two degrees at the time appellant killed the deceased.[1] As relevant to this case, murder is of the first degree when it is "willful, deliberate, and premeditated." [2]

The burden of establishing that an accused possessed the state of mind required for a conviction of murder in the first degree is, of course, on the Commonwealth. *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L. Ed.2d 508 (1975). However, because of the difficulty of proving by direct evidence the accused's state of mind, the Commonwealth often must establish that the accused's act was willful, deliberate, and premeditated on the basis of the circumstances surrounding the incident. One of the circumstances which tend to show the accused's mental state and from which the jury may conclude that a killing was willful, deliberate, and premeditated is the nature of the killing itself. Thus, where the killing "was so particular and exacting that the defendant must have intentionally killed according to a precon-

1. Act of June 24, 1939, P.L. 872, § 701, as amended. This act was repealed and replaced by the Act of December 6, 1972, P.L. 1482, No. 334, which was in turn amended in relevant part by the Act of March 26, 1974, P.L. ——, No. 46, § 4, 18 Pa.C.S. § 2502 (Supp. 1975).

2. Act of June 24, 1939, P.L. 872, § 701, as amended. The current murder statute now divides the crime into three degrees; first degree murder is "willful, deliberate and premeditated killing." Act of March 26, 1974, § 4, 18 Pa.C.S. § 2502 (Supp.1975).

ceived plan, the jury may conclude that the crime was murder in the first degree." W. LaFave & A. Scott, supra § 73, at 564. This principle has been employed in Pennsylvania by permitting[3] a jury to infer that the accused acted willfully, deliberately, and with premeditation from the fact that he *intentionally* used a deadly weapon upon a *vital part* of the body.[4] See, e. g., *Commonwealth v. Hornberger*, 441 Pa. 57, 270 A.2d 195 (1970); *Commonwealth v. Ewing*, 439 Pa. 88, 264 A.2d 661 (1970).

The majority's decision today would permit a jury to infer the presence of willfulness, deliberation, and premeditation in virtually any case in which death was caused by a gunshot wound. However, this Court has never before held that the mere use of a firearm upon *any* part of the body is sufficient to support a verdict of murder in the first degree. In *Commonwealth v. Gidaro*, 363 Pa. 472, 70 A.2d 350 (1950), the case relied upon by the majority, the Court did not rely on any such theory in reaching its result. In that case, the appellant shot the deceased in the lumbar region of the back. The bullet was deflected by a bone and entered the deceased's heart resulting in his death. The appellant was convicted of murder in the first degree and appealed to this Court. He contended that the trial court erred in failing to instruct the jury that the evidence was insufficient to support a verdict of murder in the first degree. The Court disagreed. Finding that appellant had fired the bullet into "an area [of the deceased's torso] containing

3. We stated in *Commonwealth v. Murray*, 460 Pa. 605, 609, 334 A.2d 255, 257 (1975), in a slightly different context:

"The inference . . . is clearly only a permissible one. A fact-finder is permitted to draw it or, even absent rebuttal evidence, not draw it. See generally W. LaFave & A. Scott, Handbook on Criminal Law § 68, at 536–37 (1972)."

4. Appellant does not challenge the validity of this inference. I therefore express no view as to whether the inference without more is sufficient to establish, willfulness, deliberation, and premeditation.

organs necessary to the continuation of life," the Court concluded that the required state of mind could be inferred from the intentional "use of a deadly weapon upon a *vital part* of the body." Id. at 477–78, 70 A.2d at 361–62 (emphasis added).

It is obvious why we have never held that mere use of a deadly weapon upon *any* part of the body is sufficient to establish murder in the first degree. Where the weapon is not intentionally fired at a vital part [5] of the body, the evidence does not prove beyond a reasonable doubt that the killing "was so particular and exacting that the defendant must have intentionally killed according to a preconceived plan." It thus does not establish the mental state required by statute to raise the killing to murder in the first degree.

In the present case, the evidence establishes that appellant intentionally fired a bullet into the deceased's arm at pointblank range (according to the Commonwealth's evidence) or at most from six feet away (according to appellant's). Although this evidence is sufficient to permit an inference that appellant intended to do serious bodily harm to the deceased and would therefore support a verdict of murder in the second degree, see *Commonwealth v. Boyd,* 461 Pa. 17, 334 A.2d 610 (1974), it does not establish that appellant acted with the willfulness, deliberation, and premeditation necessary to constitute murder in the first degree. Because there is no other evidence in the record establishing willfulness, deliberation, and premeditation, I would vacate the judgment of sentence for murder in the first degree and remand to the trial court with instructions to enter a judgment of sentence for murder in the second degree.

5. What is a vital part of the body may depend in certain cases upon the nature of the weapon used.