402 A.2d 1016

**COMMONWEALTH of Pennsylvania**

**v.**

**James H. PADGETT, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 21, 1979.

Decided July 5, 1979.

James W. Harris, York, for appellant.

John C. Uhler, Dist. Atty., Sheryl Ann Dorney, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, James H. Padgett, appeals an order of the Court of Common Pleas of York County, denying him a hearing on his third Post Conviction Hearing Act petition.

Appellant was convicted of murder of the first degree by a judge sitting with a jury in May, 1973. At trial, appellant was represented by privately retained counsel. Trial counsel filed post-verdict motions and argued those motions before the court.

Upon disposition of post-verdict motions by the court, new counsel was retained by appellant. Defense counsel request-

ed leave to file additional post-verdict motions. This request was denied and appellant was sentenced to life imprisonment.

A direct appeal was filed with this court. Prior to argument of that appeal, appellant filed a post-conviction petition, challenging the effectiveness of trial counsel. At request of counsel, this court remanded the matter for an evidentiary hearing on the allegations of ineffective assistance of counsel. After a hearing, the court of common pleas determined that trial counsel provided effective representation and the record was returned to this court to dispose of all claims of error, including the ineffective assistance of trial counsel. This court, in *Commonwealth v. Padgett,* 465 Pa. 1, 348 A.2d 87 (1975), affirmed the judgment of sentence. Among other issues decided the following allegations of ineffective representation were resolved:

"Appellant's counsel in this appeal argues that trial counsel was ineffective for failing to (1) properly prepare appellant for cross-examination; (2) present a defense that no one would intentionally kill a victim by pointing a gun at a victim's arm; and (3) investigate an alleged assault and battery conviction of appellant committed on the victim prior to the homicide."

On February 23, 1976, appellant filed a second post-conviction petition. The hearing court rejected appellant's allegations and a direct appeal was taken to this court. Prior to argument, appellant again requested a remand for further proceedings.

On March 28, 1977, appellant filed a third post-conviction petition in the court of common pleas, alleging trial counsel was ineffective in failing to challenge one of the jurors whose husband was a victim of a crime and no members of his race were represented on the jury. Subsequently, appellant raised by affidavit the above two issues and trial counsel's failure to object to the court's charge about a missing witness inference. On May 11, the court of common pleas denied the petition without an evidentiary hearing. This appeal followed.

Appellant argues the court below erred in failing to conduct an evidentiary hearing in connection with his third post-conviction petition. Section 9 of the Post-Conviction Hearing Act provides:

"1180–9. Hearings.

"If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding."

Section 4 of the Post-Conviction Hearing Act provides:

"(b) For the purposes of this act, an issue is waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

"(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

"(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure." Act of January 25, 1966, P.L. (1965) 1580, § 4, effective March 1, 1966.

The post-conviction court determined the now presented allegation of ineffective assistance of trial counsel could have and should have been raised in appellant's initial direct appeal to this court.

We cannot reach the merits of either the propriety of the post-conviction court's dismissal of the petition without a hearing or the merits of the claims presented.

The post-conviction petition which is the subject of this appeal is a *pro se* petition. Although appellant had counsel, it does not appear that counsel actively participated in the drafting of the petition. In fact, the record reveals appointed counsel was attempting to withdraw during the pendency of the *pro se* petition. Subsequent to denial of the petition without a hearing, appellant's fourth and present counsel was appointed to process this appeal.

In *Commonwealth v. Scott,* 469 Pa. 381, 366 A.2d 225 (1976), we stated:

"We do not reach the merits of appellant's claim because of the procedural posture of this care. In the instant case, pursuant to the mandate of *Commonwealth v. Mitchell,* 427 Pa. 395, 397, 235 A.2d 148 (1967), the public defender's office was appointed to aid the appellant in his post-conviction proceeding. In *Mitchell,* this court, in requiring appointment of counsel, stated:

" 'We pause to note that the *mandatory appointment requirement* is a salutary one and best comports with efficient judicial administration and serious consideration of a prisoner's claims. *Counsel's ability to frame the issues in a legally meaningful fashion inures the trial court that all relevant considerations will be brought to its attention.* As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies § 4.4, at 66 (1967): "It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed pro se. . . . Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statements of claims are functions of an advocate that are inappropriate for a judge, or his staff." ' (Emphasis supplied in *Scott,* supra.)

"In *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448, 450 (1975), this court reaffirmed *Mitchell,* and further defined counsel's role by stating:

" 'Clearly this rule is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.' "

Order of the Court of Common Pleas of York County is vacated and the matter is remanded to that court with instructions to appoint counsel to represent appellant in the filing of an amended post-conviction petition and any further proceedings thereon.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. The issue of trial counsel's effectiveness has been finally litigated. *Commonwealth v. Padgett,* 465 Pa. 1, 348 A.2d 87 (1975). Issues finally litigated by this Court are not the proper subject of an evidentiary hearing by a post-conviction court. Post Conviction Hearing Act, 19 P.S. § 1180–4(a)(3). The majority holds that we may not consider the propriety of the post-conviction court's dismissal of appellant's second and third post-conviction petitions because the petitions are *pro se.* However, Pa.R.Crim.P. 1504[1] provides:

Rule 1504. Summary Dispositions

Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon. Adopted Jan. 24, 1968. Eff. Aug. 1, 1968.

In spite of this clear mandate, the majority implies that if appellant had the assistance of counsel in preparing his petitions, he would have properly asserted that appellate counsel was ineffective for failing to raise additional

1. The Post Conviction Hearing Act is implemented by Pa.R.Crim.P., Rules 1501 through 1506.

grounds of trial counsel's alleged ineffectiveness. This implication is incorrect and in support thereof I cite the trial judge's (Honorable Albert Blakey) opinion of May 11, 1978:

Given this, it may be that the thrust of Defendant's present Petition, although not clearly stated as such, is that Mr. Shoemaker was ineffective in failing to fully challenge the effectiveness of trial counsel. Without going into the matter in great details, we will state that we do not think this is the case. A review of our order of November 26, 1974 will demonstrate that Mr. Shoemaker was very diligent and energetic in his attack on the effectiveness of trial counsel. We do not consider it ineffective representation to fail to press every argument that can conceivably be developed in the fullness of time at the Huntingdon State Correctional Institution Legal Clinic.

For the above reasons, I would affirm the order of the post-conviction court dismissing appellant's petitions.