J. S30019/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
        v.   :
  :
DYSHAN AURSBY,   :   No. 3601 EDA 2013
  :
        Appellant   :

Appeal from the Judgment of Sentence, July 26, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0001044-2012

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E. AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JUNE 17, 2015**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following appellant's convictions of attempted murder, aggravated assault, robbery, and conspiracy, all felonies of the first degree. Appellant was sentenced to 7½ to 15 years' incarceration for attempted murder, plus 5 to 10 years' incarceration for robbery, with no further penalty assessed for the additional charges. We affirm.

We adopt the factual history as summarized by the trial court.

> These charges arose out of a dispute over drug sales between Appellant and the victim, Danny Williams ("Williams"). On May 22, 2011, between 1 A.M. and 2 A.M., Appellant, co-defendant, Clarence Burbage ("Burbage"), and Rakeem Divers ("Divers"), attacked Jerry Holloman ("Holloman"), also known as "Mike". Appellant, Burbage, and

Divers asked Holloman where Williams was and Holloman told them that Williams was with his girlfriend, Delisha Foy ("Foy"), at her house. Appellant, Burbage, and Divers told Holloman to call Williams on the phone. When Holloman hesitated, Burbage took Holloman's phone and called Williams. The three men held Holloman at gunpoint as they walked to Foy's house on South 66th Street to see Williams. When they arrived at Foy's home, Holloman was told to stand at the door while Appellant, Burbage, and Divers hid. When Williams opened the door, Holloman yelled "run". Williams attempted to slam the door shut but Burbage headed inside before the door closed. Holloman ran down the alleyway across the street from Foy's home while Appellant and Divers followed Burbage into the home. As Burbage, Appellant, and Divers went into the home, Williams ran up the stairs to the second floor. Williams then jumped out of a second floor window, hit the ground, and began limping away. Appellant and Divers followed Williams, Appellant drew a gun, and fired it at Williams, striking Williams in his left buttock. Burbage told Foy, who was in the house at the time of the incident, that Williams "robbed his young bull", then Burbage took money off of a table downstairs before leaving.

After Appellant, Burbage, and Divers left, Holloman found Williams laying [sic] on the ground and stayed with him until the police arrived. Williams was taken to the Hospital of the University of Pennsylvania (HUP). That same day, Williams was interviewed inside HUP and told Detective Maurizio that Appellant, whom he referred to as "Sha", and Burbage, whom Williams referred to as "C Murder" shot him. Based on the identifications made by Williams and Holloman, arrest warrants were filed for Appellant and Burbage. At approximately 10:20 P.M. on May 22, 2011, Philadelphia Police Officers McLaughlin and McKiernon arrested Appellant.

Trial court opinion, 8/5/14 at 2-3.[1]

Appellant and Burbage were tried together. On May 31, 2013, following a jury trial, appellant was found guilty of the above-mentioned crimes. Appellant was sentenced on July 26, 2013 to an aggregate term of incarceration of 12½ to 25 years. A timely post-sentence motion was filed and was denied by operation of law on December 4, 2013. Appellant filed a timely notice of appeal on December 12, 2013. Appellant was ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and he complied. The trial court filed a Rule 1925(a) opinion.

Appellant raises four issues for our consideration; we will review them in the order presented:

> I.    Whether the Court erred when it would not instruct the jury on Aggravated Assault as a felony of the second degree[?]
>
> II.   Whether the Court erred when it would not grant a mistrial after Commonwealth witness Jerry Holloman blurted out that the defendants were crazy and do a lot of stuff in the neighborhood[?]
>
> III.  Whether the adjudication of guilt is against the weight of the evidence and shocking to one's sense of justice where the witnesses against the Appellant were dishonest, corrupt and polluted sources of information and where they were contradictory and possessed their own motives to harm the victim[?]

---

[1] After being released from the hospital, Danny Williams was shot to death on May 27, 2011, approximately 5 days after the May 22, 2011 shooting incident.

IV. Whether the adjudication of guilt is based upon insufficient evidence where the inference that the Appellant had been accurately identified was not a reasonable inference and whether the adjudication of guilt for Attempted Murder and Aggravate[d] Assault are based upon insufficient evidence that the shooter possessed the malice necessary for Attempted Murder or that he attempted to cause or did cause a serious bodily injury[?]

Appellant's brief at 6.

In his first issue on appeal, appellant contends the trial court erred when it failed to instruct the jury on aggravated assault as a felony of the second degree. Appellant's argument lacks merit.

In relevant part, the Crimes Code defines aggravated assault in the following manner:

**(a)** **Offense defined.--**A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

. . . .

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

. . . .

**(b)** **Grading.--**Aggravated assault under subsection (a)(1) and (2) is a felony of the first degree. Aggravated assault under subsection

> (a)(3), (4), (5), (6) and (7) is a felony of the
> second degree.

18 Pa.C.S.A. § 2702(a)(1), (4).

Appellant was only charged with aggravated assault of the first degree, Section 2702(a)(1). Because appellant was not charged with aggravated assault as a felony of the second degree, he was not entitled to an instruction on an uncharged crime, which was not a lesser included offense of a charged crime. **See Commonwealth v. Ferrari**, 593 A.2d 846, 848-849 (Pa.Super. 1991) (this court held that because the "with a deadly weapon" provision of § 2702(a)(4) is not found in § 2702(a)(1), the former is not a lesser included offense of the latter), **appeal denied**, 618 A.2d 398 (Pa. 1992); **see also Commonwealth v. Harrison**, 663 A.2d 238, 241 (Pa.Super. 1995) (since appellant was not on trial for criminal trespass, he was not entitled to an instruction on finding him guilty of criminal trespass), **appeal denied**, 674 A.2d 1067 (Pa. 1996).

In his second issue, appellant contends the trial court erred when it admitted Holloman's testimony that he was scared of appellant and Burbage, his co-defendant, who he said were "crazy" and who "do a lot of things out in the street." (Notes of testimony, 5/22/13 at 129-130.) Appellant contends the trial court erred when it denied his motion for a mistrial.

"In reviewing a trial court's denial of a motion for a mistrial, our standard is abuse of discretion." **Commonwealth v. Bryant**, 67 A.3d 716, 728 (Pa. 2013). "An abuse of discretion is not merely an error of judgment,

but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, . . . discretion is abused." ***Commonwealth v. Stollar***, 84 A.3d 635, 650 (Pa. 2014) (citation omitted). "A mistrial is an extreme remedy that is required only where the challenged event deprived the accused of a fair and impartial trial." ***Commonwealth v. Travaglia***, 28 A.3d 868, 879 (Pa. 2011).

Instantly, appellant asserts Holloman's testimony that he and Burbage were "crazy" and "do a lot of things out in the street" implicates unproven allegations that appellant was committing other unrelated crimes or bad acts. (Appellant's brief at 22.) Appellant contends this testimony created unfair prejudice to him because it suggested he was a person of bad character who habitually committed crimes on the street. (***Id.***)

> Generally, only evidence that is relevant is admissible. Pa.R.E. 402.
>
> Evidence is relevant if it tends to prove or disprove a material fact. Relevant evidence is admissible if its probative value outweighs its prejudicial impact. The trial court's rulings regarding the relevancy of evidence will not be overturned absent an abuse of discretion.

***Conroy v. Rosenwald***, 940 A.2d 409, 417 (Pa.Super. 2007); ***see*** Pa.R.E. 402, 403.

The trial court explained why Holloman's statement was admissible:

> Holloman's statement was relevant to show why he had made incomplete or inconsistent statements to

> the police, a material fact at issue. Additionally, Holloman's statement did not indicate an identifiable criminal act that would have a tendency to suggest a jury decision on an improper basis. Discrete crimes, such as selling drugs, were mentioned in testimony prior to Holloman's statement and were not objected to.

Trial court opinion, 8/5/14 at 5 (references to notes of testimony omitted).

Our review of the record indicates that Holloman was taken to police headquarters where he made two statements. (Notes of testimony, 5/21/13 at 31.) Holloman testified that he did not tell the truth in the first statement. (*Id.* at 32.) He told the police the name of the person who did the shooting, but did not tell the police that he witnessed the shooting. (*Id.*) Holloman stated he was "scared" as the reason for not telling the police he witnessed the shooting. (*Id.* at 33.) The police continued to ask him questions, and three hours later, he admitted that he was present at the scene and told the police exactly what he saw. (*Id.* at 36.)

On cross-examination, the defense was attacking Holloman's credibility by pointing out the two statements. During redirect, the Commonwealth asked Holloman what the reason was for making the two statements, and Holloman replied, "Because it was -- these guys are crazy. I don't want it to come back to my family." (*Id.* at 129.) Holloman was asked again the reason for the two statements. He replied, "Because I was scared. These guys is crazy. They do a lot of things out in the street." (*Id.* at 130.)

Appellant's claim that he was prejudiced by a vague reference to "things" is unavailing. *See Commonwealth v. Luster*, 71 A.3d 1029, 1050 (Pa.Super. 2013) (testimony that Luster and the victim argued a lot did not impermissibly imply that he was a violent person because nothing in his testimony referenced physical abuse or a prior bad act), *appeal denied*, 83 A.3d 414 (Pa. 2013). Additionally, the notes of testimony contain several references to the fact that both appellant and Burbage were involved in previous drug dealings on a daily, regular basis in the neighborhood. This case was about stolen drugs and money. It was undisputed that appellant, Burbage, and the victim were participants in dealing drugs. It is common knowledge that violence typically surrounds the drug trade. There is nothing in Holloman's testimony that unfairly prejudiced appellant.

In his third issue, appellant claims the weight of the evidence does not support his conviction. (Appellant's brief at 24.)

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751-52 (2000); *Commonwealth v. Brown*, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Widmer*, 560 Pa. at 319-20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id.* at 320, 744 A.2d at 752 (citation omitted). It has often been stated that

> "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." ***Brown***, 538 Pa. at 435, 648 A.2d at 1189.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

>> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. ***Brown***, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. ***Commonwealth v. Farquharson***, 467 Pa. 50, 354 A.2d 545 (Pa.1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Clay,*** 64 A.3d 1049, 1054-1055 (Pa. 2013) (emphasis omitted).

Instantly, appellant attacks the credibility of Holloman and Divers. Appellant maintains Holloman was a drug dealer and had ulterior motives for testifying against him. (Appellant's brief at 24-25.) Appellant claims that

Divers was under the influence of narcotics when he spoke to the police, and could not be counted on to tell the truth. (*Id.* at 25-26.) According to appellant, Holloman and Divers were inherently dishonest and corrupt.

The record reveals that the defense attempted to portray Holloman as having set up the victim. Meanwhile, Holloman testified that he and the victim had known each other for four or five years and they were "very close friends." (Notes of testimony, 5/21/13 at 7.) It was Holloman who yelled out for an ambulance to be called and stayed with the victim after he was shot. (*Id.* at 28-29.) Holloman was at the victim's side when the police arrived. (*Id.*) Holloman did not flee the scene as appellant and his cohorts did.

The Commonwealth called Divers to testify. On June 13, 2011, Divers made a statement to the police that he was involved in the victim's murder on May 27, 2011, and also gave the police information regarding the robbery and shooting of the victim on May 22, 2011. (Notes of testimony, 5/23/13 at 54-64.) At trial, Divers claimed everything he said in his statement was a lie. (*Id.* at 53, 55, 60, 64.) He also claimed he was "physically assaulted" and "beat up" by the police who interrogated him. (*Id.* at 53, 55.) Obviously, the jury did not believe him.

In addition to Holloman and Divers, the Commonwealth presented the testimony of Delisha Foy whose testimony was similar to Holloman's

description of what occurred at her house when appellant and his cohorts entered. (Notes of testimony, 5/22/13 at 17-22).

The jury evidently found the Commonwealth's witnesses credible and chose not to believe appellant's version of the events. ***Commonwealth v. Dailey***, 828 A.2d 356, 358-359 (Pa.Super. 2003) (the finder-of-fact is free to believe all, some, or none of the evidence presented and is free to determine the credibility of the witnesses). The trial court reasoned that the verdict rendered did not shock its conscience. (Trial court opinion, 8/4/14 at 7.) Based on our review, we find no abuse of the trial court's discretion in refusing to award a new trial based on the weight of the evidence.

Last, appellant argues the evidence was insufficient to support his convictions for aggravated assault and attempted murder.

Our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly

> circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fabian*, 60 A.3d 146, 150-151 (Pa.Super. 2013), quoting *Commonwealth v. Jones*, 886 A.2d 689, 704 (Pa.Super. 2005), *appeal denied*, 897 A.2d 452 (Pa. 2006) (citations omitted).

Attempted murder is defined by reading the attempt statute, 18 Pa.C.S.A. § 901(a), in conjunction with the murder statute, 18 Pa.C.S.A. § 2502(a) (murder of the first degree). *Commonwealth v. Johnson*, 874 A.2d 66, 71 (Pa.Super. 2005), *appeal denied*, 899 A.2d 1122 (Pa. 2006). The criminal attempt statute indicates that:

> A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S.A. § 901(a). Murder is defined as:

> **§ 2502. Murder**
>
> **(a) Murder of the first degree.--**A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

18 Pa.C.S.A. § 2502. Accordingly, the elements of attempted murder are (1) the taking of a substantial step, (2) towards an intentional killing. *See* 18 Pa.C.S.A. §§ 901(a), 2502(a). For a defendant to be found guilty of attempted murder, the Commonwealth must establish specific intent to kill.

*Commonwealth v. Geathers*, 847 A.2d 730, 734 (Pa.Super. 2004). The Commonwealth can prove the specific intent to kill through circumstantial evidence. *Commonwealth v. Schoff*, 911 A.2d 147, 160 (Pa.Super. 2006). "[T]he law permits the fact finder to infer that one intends the natural and probable consequences of his acts." *Commonwealth v. Gease*, 696 A.2d 130, 133 (Pa. 1997), *cert. denied*, 522 U.S. 935 (1997).

We reject appellant's assertion that the Commonwealth failed to prove that he took a substantial step to bring about the victim's death because he only fired one shot, and failed to establish that the victim's wounds were life threatening. As to the latter contention, it is clear that since proof of actual bodily harm is unnecessary to establish attempted murder, the extent of the victim's wounds does not undermine the sufficiency of the evidence. *Commonwealth v. Dale*, 836 A.2d 150, 154 (Pa.Super. 2003); *see also Commonwealth v. Padgett*, 348 A.2d 87, 88 (Pa. 1975) (holding that firing bullet in general area where vital organs are located is sufficient to prove specific intent to kill beyond reasonable doubt).

Appellant's claim that he only fired one shot; and therefore, he did not attempt to kill the victim is without merit. Holloman testified that he watched as appellant ran down the street, drew his gun, and shot the fleeing unarmed victim. The bullet struck the victim in his left buttock and lodged in his pelvis, where it remained permanently. Appellant did not need to fire more shots or have a better aim and cause a more severe injury to prove he

acted with the intent to kill. Shooting the fleeing victim and striking him with a bullet was sufficient. ***See Holley***, ***supra*** (sufficient evidence for attempted murder where Holley wrestled corrections officer's gun out of its holster, aimed it at the officer's chest, and fired; the bullet missed but the officer suffered shoulder injuries and a black eye as a result of the incident); ***Commonwealth v. Jones***, 629 A.2d 133, 135 (Pa.Super. 1993) (evidence sufficient to support conviction for attempted murder where defendant aimed and fired gun at victim but did not cause injury); ***Commonwealth v. Cross***, 331 A.2d 813, 814-815 (Pa.Super. 1974) (conviction for attempted murder sustained where single bullet fired by Cross penetrated car door at height near victim's stomach and serious injury would have resulted had door not protected victim).

Appellant's argument that the evidence was insufficient to support his aggravated assault conviction is also without merit. Appellant uses the same argument that the victim was only shot once and did not suffer a serious injury. "[A]ggravated assault does not require proof that serious bodily injury was inflicted, but only that an attempt was made to cause such injury." ***Commonwealth v. Rosado***, 684 A.2d 605, 608 (Pa.Super. 1996). For purposes of aggravated assault, an "attempt" is shown where the accused intentionally acts in a manner which constitutes a substantial step toward perpetrating serious bodily injury upon another. ***Commonwealth v.***

*Galindes*, 786 A.2d 1004, 1012 (Pa.Super. 2002), *appeal denied*, 803 A.2d 733 (Pa. 2002).

Here, appellant fired a gun at a fleeing, unarmed victim. The act of firing a gun at someone has consistently been found to be sufficient to support a conviction for aggravated assault, even when the victim is not actually injured. *See Commonwealth v. McCalman*, 795 A.2d 412, 415-416 (Pa.Super. 2002) (intent to cause serious bodily injury found where appellant fired bullets in direction of victims and narrowly missed them), *appeal denied*, 812 A.2d 1228 (Pa. 2002); *Galindes*, *supra* (the act of firing a gun at victim was sufficient to establish that appellant attempted to cause serious bodily injury even though the victim was not struck by any of the bullets).

Based on the above, the evidence was sufficient to sustain appellant's convictions for attempted murder and aggravated assault.

Appellant's judgment of sentence is affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2015

- 15 -