J-S78039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                          :               PENNSYLVANIA
                                          :

                   v.                       :
                                          :

GLENN MCDANIEL                   :
                                          :
              Appellant         :       No. 1354 EDA 2018

Appeal from the PCRA Order April 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003322-2011

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:         **FILED JANUARY 15, 2019**

Appellant, Glenn McDaniel, appeals *pro se* from the order entered in the

Court of Common Pleas of Philadelphia County dismissing his first petition for

relief filed under the Post Conviction Relief Act ("PCRA").  Since the record is

unclear as to whether Appellant was deprived of his rule-based right to counsel

at critical times during the PCRA process, we vacate the order and remand for

further proceedings consistent herewith.

The PCRA court aptly sets forth the pertinent procedural history of this

matter, as follows:

> Defendant [hereinafter "Appellant"], Glenn McDaniel, was charged
> . . . with, *inter alia*, murder, generally, and possession of an
> instrument of crime, generally, following an incident that occurred
> on October 26, 2010, during which he killed Mr. Ray Santiago by
> intentionally running over him several times with a tow truck
> during a dispute between rival tow truck companies.  Appellant
> was tried before [the trial court] sitting without a jury, in March
> of 2012, and was convicted of first-degree murder and possessing

_____

* Former Justice specially assigned to the Superior Court.

an instrument of crime, generally. On March 28, 2012, Appellant received the mandatory sentence of life imprisonment without parole on the first-degree murder conviction. A verdict without further penalty was entered on the weapons charge.

Following the imposition of sentence, Appellant filed a post-sentence motion, which was denied by operation of law. Subsequent thereto, Appellant filed a notice of appeal and a requested Pa.R.A.P. 1925(b) statement. On December 4, 2013, the Superior Court affirmed the judgment of sentence. (2489 EDA 2012). Appellant thereafter filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on June 11, 2014. (646 EDA 20130).

On August 4, 2014, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (hereinafter PCRA), 42 Pa.C.S. § 9541 *et. seq*. He thereafter filed a pro se supplemental PCRA petition on April 29, 2016. Counsel was appointed to represent him and on April 6, 2017, [privately-retained] counsel filed an amended petition. On January 23, 2018, [the PCRA court, claiming to have carefully and conscientiously] reviewed the entire record, including the Commonwealth's Motion to Dismiss, sent Appellant a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. On April 24, 2018, [again claiming to have carefully and conscientiously reviewed the record], the [PCRA court] issued an order denying Appellant PCRA relief without a hearing. Appellant thereafter filed [*pro se* this] timely notice of appeal.

PCRA Court Opinion, 5/8/18, at 1-2.

In Appellant's *pro se* appellate brief, he raises several issues alleging ineffective assistance of PCRA counsel in preparation of the amended petition, in failing to file objections to the PCRA court's Rule 907 Notice, and in abandoning Appellant in this PCRA appeal. For its part, the Commonwealth does not oppose a remand for the purpose of determining whether counsel should be appointed, as it acknowledges there is no indication of record that counsel filed a motion to withdraw from representation or otherwise sought to comply with the requirements of **Commonwealth v. Finley**, 550 A.2d 213

(Pa. Super. 1988) (*en banc*) that counsel show no non-frivolous issue could be raised on Appellant's behalf.

The law is well settled that a petitioner has a rule-based right to counsel under the PCRA on a first petition, and that the right extends throughout the appellate process. **See Commonwealth v. Adams**, 350 A.2d 820 (Pa. 1976) (wherein the Supreme Court replaced the statutory right to collateral review counsel with a rule-based right to counsel). A petitioner is entitled to the assistance of counsel to guarantee that he has "at least one meaningful opportunity to have [his] issues reviewed." **Commonwealth v. Karanicolas**, 836 A.2d 940, 945 (Pa.Super. 2003) (citations and internal quotation marks omitted). That right "extends throughout the post-conviction proceedings, including any appeal from the disposition of the PCRA petition." **Commonwealth v. Smith**, 121 A.3d 1049, 1053 (Pa.Super. 2015); Pa.R.Crim.P. 904(F)(2).

The record shows that upon the filing of Appellant's *pro se* PCRA petition, the PCRA court appointed counsel to represent him. Shortly thereafter, however, Appellant hired privately retained counsel, who filed an amended petition on his behalf.

As noted above, the PCRA court eventually issued a Rule 907 Notice to Dismiss to Appellant through privately retained counsel. Nevertheless, Appellant filed a *pro se* "Motion for Extension of Time To File Objections to the Court's Rule 907 Notice." Nowhere in the *pro se* motion does Appellant indicate why he is acting *pro se*. The PCRA court's next filing was its April 24,

2018 order dismissing Appellant's first PCRA petition. In a footnote to the order, the PCRA court instructs that "Petitioner may proceed *pro se* or with retained counsel; no new counsel is to be appointed. . . ." Appellant thereafter filed *pro se* a timely notice of appeal.

Nowhere does this record establish that the PCRA court permitted privately retained counsel to withdraw from representation or if counsel simply abandoned Appellant. The record also fails to show if the PCRA court made a determination as to whether Appellant qualified for appointment of counsel for purposes of responding to the Rule 907 Notice to Dismiss and filing an appeal to this Court, or if, instead, Appellant had waived his rule-based right to counsel by such time. ***See, e.g., Commonwealth v. Robinson***, 970 A.2d 455, 459 (Pa.Super. 2009) (finding valid waiver of rule-based right to counsel where colloquy demonstrates that the petitioner understood "(1) his right to be represented by counsel; (2) that if he waived this right, he will still be bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted").

Accordingly, Appellant appears to have been deprived of counsel at several critical stages of the litigation of his first PCRA petition to his prejudice, such that the order denying relief must be vacated and the case remanded. Upon remand, the PCRA court should first determine whether Appellant qualifies for the appointment of counsel for purposes of responding to the PCRA court's Rule 907 Notice.

In the event Appellant does not qualify for appointed counsel, and opts not to retain new private counsel, he should be fully advised of the perils of proceeding *pro se*. If, instead, Appellant qualifies for appointed counsel and does not opt for a **Grazier** hearing where he waives his right to counsel in favor of representing himself, counsel should be appointed.

The PCRA court shall thereafter afford Appellant sufficient time in which to offer a response to the court's Rule 907 Notice, including allegations, if any, of prior PCRA counsel's ineffectiveness in preparing Appellant's amended petition. If counsel seeks, instead, to withdraw from representation at any time prior to completing litigation of Appellant's first PCRA petition through the entire appellate process, he or she must file a petition to withdraw and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Finley**, **supra**.

Order vacated. Case remanded for proceedings consistent herewith. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/15/19